IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY BURNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 115-043 |
| | ) |
| THE SUPREME COURT OF GEORGIA and | ) |
| GEORGIA DEPARTMENT OF LAW, | ) |
| | ) |
| Respondents. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner originally filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Northern District of Georgia, and United States Magistrate Judge Alan J. Baverman transferred the petition to this Court. For the reasons set forth below, the Court **FINDS** that Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

**I.    BACKGROUND**

Petitioner attempts to challenge his 1998 conviction for murder in the Superior Court of McDuffie County, Georgia. Petitioner is well-known to the Court as a serial filer of habeas corpus petitions. Whether by habeas corpus petition or improper civil rights action, Petitioner has made *at least* ten attempts, that this Court is aware of, to challenge his state conviction. See

Burnett v. Chatman, CV 109-152, doc. no. 8, pp. 1-2 (S.D. Ga. Dec. 18, 2009) (discussing Petitioner's prior filing history), *adopted by* doc. no. 13 (S.D. Ga. Mar. 10, 2010). Both the District Court and the Eleventh Circuit Court of Appeals refused to issue a Certificate Appealability to allow Petitioner to challenge the dismissal of Petitioner's last successive petition from 2009. Id., doc. no. 20; Burnett v. Chatman, No. 10-11297-H, slip op., p. 1 (11th Cir. July 6, 2010).

## II. DISCUSSION

Pursuant to the Court's power to take judicial notice of its own records,[1] the Court **FINDS** that Petitioner has filed prior applications for a federal writ of habeas corpus, thereby making the current application successive.

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, § 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Here, Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

2

Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . .").

Petitioner has not stated that he has received permission from the Eleventh Circuit Court of Appeals to file a second or successive application for a writ of habeas corpus, and this Court has received no authorization to address an application such as the instant one. As a result, this Court lacks authority to address Petitioner's application.

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of March, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA